The KEEFE COMPANY, Appellant,

v.

AMERICABLE INTERNATIONAL,
INC., Appellee.

No. 98–7093.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 14, 1999.

Decided Aug. 15, 2000.

Griffith L. Green argued the cause for appellant. With him on the briefs were Thomas C. Green and Mark D. Hopson.

Robert P. Parker argued the cause for appellee. With him on the brief was Gaela K. Gehring–Flores. Swati Agrawal entered an appearance.

Before: WALD[1], SILBERMAN and SENTELLE, Circuit Judges.

Opinion for the court filed PER CURIAM.

PER CURIAM:

Appellant Keefe Company filed this action seeking recovery for installment payments arising from a contract under which appellant allegedly assisted appellee Americable in the obtaining of contracts for the provision of cable service to govern-ment installations. The district court granted summary judgment in favor of the defense on two theories: invalidity of the underlying contract, and the running of the statute of limitations. We have heretofore vacated the decision insofar as it was based on invalidity, and certified a governing legal question on the statute of limitations theory to the District of Columbia Court of Appeals. That court having ruled on the certified question, we vacate the judgment of the district court as to a portion of appellant's claims and remand for further proceedings consistent with this opinion and that of the District of Columbia Court of Appeals.

Analysis

Except insofar as it is necessary to make our application of the law understandable, we will not rehash the facts underlying this controversy as they are set forth in full in *Keefe Co. v. Americable Int'l, Inc.,* 169 F.3d 34 (D.C.Cir.1999). Taking the evidence as it appeared to the district judge on the summary judgment motion, Americable breached the agreement between the parties in 1988 by its failure to make both one-time and monthly installment payments due under the agreement. Keefe did not bring this action until 1994. Americable argued, and the district court held, that the three-year statute of limitations had run on all of Keefe's claims, holding that a breach of the contract as a whole had occurred with the first nonpayment and repudiation by appellee. Keefe argued, both before the district court and on appeal, that its early claims might be time-barred, but that those that were due within three years next preceding its filing of this action were still viable. Everyone agrees that the law of the District of Columbia governs. It is well established that we treat the District of Columbia as a state for purposes of the *Erie* Doctrine, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *A.I. Trade*

---

**1.** Judge Wald was on the original panel but had left the court by the time this matter was decided and therefore did not participate in this decision.

*Finance, Inc. v. Petra Int'l Banking Corp.,* 62 F.3d 1454, 1458 (D.C.Cir.1995) (citing *Lee v. Flintkote Co.,* 593 F.2d 1275, 1278–80 (D.C.Cir.1979)). We therefore consulted the precedent established by the highest court of the District of Columbia, that is its Court of Appeals, but found none on point. We therefore certified to the District of Columbia Court of Appeals the governing question:

> Under District of Columbia law, and upon the facts described in this opinion, when parties have entered into a contract in which payment is due on the first of each month, *calculated as a percentage of the promisor's revenues from a specific service already rendered by the promissee,* does the limitation period begin to run separately on each missed payment, as is generally the case with installment contracts, or, does repudiation or breach of the contract as a whole trigger a single limitations period?

*Keefe Co. v. Americable Int'l, Inc.,* 169 F.3d 34, 40 (D.C.Cir.1999). On July 13, 2000, the Court of Appeals published an opinion, *Keefe Co. v. Americable Int'l, Inc.,* 755 A.2d 469 (D.C.2000), carefully considering the certified question and determined that the statute of limitations on each of the payments due under the contract ran separately, and that therefore, "the statute of limitations does not bar Keefe's action to recover installment payments that accrued within three years prior to the filing of the action." *Id.* at 478.

As we noted above, the controlling question is within the jurisdiction of the court of the District. That court has spoken. Therefore, we vacate the district court's judgment in favor of the defendant/appellee, and remand for further proceedings consistent with this opinion and that of the District of Columbia Court of Appeals.

*So ordered.*